UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY HUMPHREY,

    Plaintiff,

v.                                               Case No: 6:16-cv-1521-Orl-40TBS

WELLS FARGO BANK, N.A.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on the parties' Joint Motion to Extend Scheduling Order Deadlines (Doc. 28). In the motion, the parties ask the Court to enlarge the time to complete mediation and file dispositive motions (Id., ¶ 1). As grounds, they represent that they have scheduled depositions to occur on August 29 and September 7, 2017, and that they are currently engaged in settlement discussions (Id., ¶ 2). Although paragraph one of the motion speaks only to the deadlines to complete mediation and file dispositive motions, it is apparent that the parties also want to extend the dates for the final pretrial conference and the trial term (Id., ¶ 5).

Local Rule 3.01(a) provides:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.

M.D. Fla. 3.01(a). The motion is fatally deficient because it does not include a memorandum of law.

All of the deadlines the parties seek to extend were established in the Court's Case Management and Scheduling Order ("CMSO") (Doc. 24). The CMSO can only be modified "upon a showing of good cause." FED. R. CIV. P. 16(b). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee note). "'If [a] party was not diligent, the [good cause] inquiry should end.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The parties' motion fails because it does not address their diligence to this point or otherwise show good cause.

The CMSO states:

> 1. **Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue trial are generally denied. *See* Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice. A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09. The Court cannot extend a dispositive motions deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least 4 months are required before trial to receive memoranda in opposition to a motion for summary judgment and to research and resolve the dispositive motion sufficiently in advance of trial.
>
> 2. **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute good cause for continuance. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no

> party will use the granting of the extension in support of a motion to extend another date or deadline. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. Local Rule 3.09(b). The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

(<u>Id.</u>, at 6). The parties' motion fails to show why manifest injustice will result if the dispositive motions deadline and trial date are not moved. And, as already noted, the motion fails to show that the parties do not find themselves in their current situation through lack of diligence.

For all of these reasons, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 28, 2017.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record